UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
LHF PRODUCTIONS, INC.,                                     :
                                                           :
                Plaintiff,                  :      **ORDER**
                                                           :
                -against-                  :      16-CV-5450 (ARR)(PK)
                                                           :
BITTTORRENT USERS:                                         :
DOE – 47.18.172.239, et al.,                               :
                                                           :
                Defendants.                 :
                                                           :
---------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       This is a civil action for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. Plaintiff moves for leave to take discovery prior to the Federal Rule of Civil Procedure 26(f) "Initial" Conference. Specifically, Plaintiff seeks to serve a subpoena on Altice f/k/a Cablevision d/b/a Optimum Online ("Optimum"), pursuant to Federal Rule of Civil Procedure 45, in order to obtain information so that it may serve process on the Defendants in this case. The subpoena Plaintiff seeks would command Optimum to provide Plaintiff with the name (as listed in Optimum's records), physical address, and e-mail address of each of the subscribers associated with each of the Internet Protocol addresses ("IP addresses") as set forth in Exhibit A to Plaintiff's Complaint (collectively, "the Subscribers"). Exhibit A limits this request to the Subscribers associated with the IP addresses on particular dates and in particular locations.

       Plaintiff's motion is granted in part and denied in part. Plaintiff may serve a subpoena on Optimum commanding the production of the names and physical addresses of the Subscribers, but may not subpoena the Subscribers' e-mail addresses at this time. If Plaintiff is unable to serve a particular Defendant using the information it obtains with the subpoena authorized by this Order, it may seek leave of the Court to serve a subpoena for additional information.

As proposed by Plaintiff, the following conditions apply to any subpoena served pursuant to this Order, and to any information disclosed in response to such a subpoena:

1) If Optimum qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), Optimum must comply with 47 U.S.C. § 551(c)(2)(B) by mailing a copy of this Order to each Defendant.

   47 U.S.C. § 522(5):

   *the term "cable operator" means any person or group of persons*

   *(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or*

   *(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.*

   47 U.S.C. § 551(c)(2)(B):

   *A cable operator may disclose [personally identifiable] information [concerning a subscriber] if the disclosure is…made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed….*

2) Any information concerning the identities of the Subscribers or, if different, the Defendants, that is disclosed in response to such a subpoena must remain confidential and may not be shared with any individual or entity not associated with this action. The information may be used only as is necessary to proceed with the action and serve process on Defendants. It may not be used in any future litigation against these Defendants or Subscribers.

3) A copy of this Order will be attached to the subpoena.

Dated: Brooklyn, New York
       December 22, 2016          **SO ORDERED:**

                                  *Peggy Kuo*
                                  PEGGY KUO
                                  United States Magistrate Judge